*414 ORDER (Granting Motion to Strike)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether to accept the plaintiffs October 26, 2001 Second Amended Complaint. The plaintiff has not sought to modify the September 24, 2001 Scheduling Order in accordance with the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. Rule 42, seeking permission to allow further amendments to the pleadings. Therefore, the Court grants the defendants’ November 1, 2001 Motion to Strike.
PROCEDURAL HISTORY
The plaintiff, Clarence Pettibone, initiated the current action by filing a Complaint with the Court on July 16, 2001. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on July 16, 2001, and delivered the documents by personal service to the defendants’ representative, Ho-Chunk Nation Department of Justice [hereinafter DOJ].[1] The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendants, by and through DOJ Attorney Michael P. Murphy, timely filed the Defendants’ Notice & Motion for Extension of Time to Answer accompanied by the Defendants’ Motion for Expedited Consideration on August 1, 2001, serving such documents on the plaintiff via first class mail. Prior to the Court responding to the Motion, Attorney Jeffrey S. De-Cora filed a Notice and Entry of Appearance on behalf of the plaintiff on August 3, 2001. The Court granted the Motion in its August 6, 2001 Order (Granting Extension of Time), allowing the defendants until September 5, 2001 to file their Answer. However, the defendants, by and through Attorney Alysia E. LaCounte, filed the Answer shortly thereafter on August 6, 2001.
On September 11, 2001, the plaintiff filed his Amended. Complaint. The Court mailed Notice(s) of Hearing to the parties two (2) days later, informing them of the date, time and location of the Scheduling Conference. The Court convened a Scheduling Conference on September 21, 2001 at 10:00 A.M. CST. The following parties appeared by telephone at the Conference: Attorney Jeffrey S. DeCora, plaintiffs counsel, and DOJ Attorney Alysia E. La-counte, defendants’ counsel. The Court entered the September 24, 2001 Scheduling Order, memorializing the agreed upon timelines of the parties.
The defendants filed the Answer to Plaintiffs Amended Complaint on Octo *415 ber 1, 2001. The parties then submitted the October 15, 2001 Stipulated Facts. The plaintiff and the defendants consequently filed Motion(s) for Summary Judgment and supportive legal briefs on October 26, 2001. Additionally, the plaintiff filed a Second Amended Complaint. The defendants responded to this filing by submitting the November 1, 2001 Defendants’ Notice of Motion and Motion to Strike accompanied by a Motion for Expedited Consideration. The following day, the defendants filed the Defendants’ Brief in Reply to Plaintiffs Motion for Summary Judgment.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article XII — Sovereign Immunity
Section 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Section 2. Suit Against Officials and Employees. Officials or employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Article II — Beginning an Action
Rule 5. Notice of Se rvice of Process.
(B) Summons. The Summons is the official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
Article IV — Parties to an Action
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated in these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Article VI — Trials
Rule 42. Scheduling Conference.
Scheduling Order. The Court may enter a scheduling order on the Court’s own motion or on the motion of a party. The Scheduling Order may be modified by motion of a party upon a showing of good cause or by leave of the Court.
Article VII — Judgements and Orders
Rule 55. Summary Judgement.
Any time after the an Answer is due or filed, a party may file a Motion for Sum *416 mary Judgement on any or all of the issues presented in the action. The Court will render summary judgement in favor of the moving party if there is no genuine issue as to material fact and the moving party is entitled to judgement as a matter of law.
DECISION
The parties voluntarily entered into the September 24, 2001 Scheduling Order, establishing the deadline for submission of the Stipulation of Facts and the procedure for summary judgment. The plaintiff, however, deviated from the Scheduling Order when he attempted to further amend his pleadings. Typically, the Court will allow the parties to file amendments to pleadings following the close of discovery. Yet, in the instant case, the parties neither entered into a period of discovery nor preserved the option of filing further amendments. Moreover, since a Motion for Summary Judgment must rest upon the absence of any “genuine issue as to material fact,” alleging additional unstipulated facts within the Second Amended Complaint appears to undermine the entire process. HCN R. Civ. P. 55.
The Court recognizes that the Scheduling Order did not contemplate the defendants’ October 26, 2001 Motion for Summary Judgment, but the HCN R. Civ. P. permit either party to file such a motion “[a]ny time after the date an Answer is due or filed....” Id. No analogous provision relating to amendments to the pleadings exists in the HCN R. Civ. P[2] Therefore, since the plaintiff did not preserve the ability to file the Second Amended Complaint at the Scheduling Conference, the plaintiff needed to request leave of the Court to permit this subsequent filing. HCN R. Civ. P. 42. The plaintiff has not demonstrated good cause to modify the Scheduling Order, and the Court accordingly strikes the amended pleadings from the record.
The decision to strike the Second Amended Complaint proves relatively immaterial due to the inconsequential nature of the amendments. First, in addition to naming the individual legislators as parties to the suit, the plaintiff sought to further clarify the caption by indicating, “Each of the above as Individuals acting beyond the scope of them official duties.” Second Amended Complaint at 1. The Court, however, has never required this level of clarity within the caption of a Complaint. The Constitution of the Ho-Chunk Nation [hereinafter Constitution] provides that “[ojfficials ... who act beyond the scope of their ... authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief....” Constitution, Art. XII § 2. The Supreme Court of the Ho-Chunk Nation [hereinafter Supreme Court] subsequently advised plaintiffs that they “should indicate whether the official ... is being sued in his or her individual or official capacity.” HCN R. Civ. P. 27(B) (emphasis added). The Court draws the parties’ attention to the permissive language utilized in Rule 27(B).
In the instant case, the plaintiff has not requested money damages, but declaratory relief. Amended Complaint at 3. The plaintiff also has named individual legislators as parties to the litigation. Id. at 1. Furthermore, the plaintiff has alleged that a specific legislative action, ie., the passage of Ho-Chunk Nation Legislature Resolution 07-03-01G, is unconstitutional. Id. at 3. In that officials acting within the *417 scope of their authority cannot be acting in violation of the Constitution, the plaintiff is clearly presenting a permissible cause of action. See Constitution, Art. XII.
Plaintiffs understandably recognize an official as acting within their official capacity if the disputed action occurred during the course of the official’s employment. Conversely, a plaintiff would seek to sue a seated official in their individual capacity if the disputed action occurred outside of the employment context. For those reasons, Rule 27(B) does not address the constitutional distinction of acting inside or outside one’s “duties or authority.” Id.
In an earlier case, the Court dismissed a suit against the Ho-Chunk Nation Legislature [hereinafter Legislature] for lack of personal jurisdiction. Stewart Miller v. Ho-Chunk Nation Legislature, CV 99-18 (HCN Tr. Ct., Mar. 25, 1999). The Legislature had not waived its sovereign immunity from suit, thereby barring the plaintiffs request for declaratory and injunctive relief. The Court emphasized the Supreme Court’s declaration that “[i]t is necessary for the Courts to know which individuals are being sued so that the trier of fact may access (sic) whether or not that specific individual has acted outside the scope of their authority or not.” Id. at 2-3 (quoting Chloris A. Lowe, Jr. v. Ho-Chunk Nation et al., SU 97-01 (HCN S.Ct., June 13, 1997) at 4; see also Roy J. Rhode v. Ona M. Garvin, as Gen. Manager of Rainbow Casino, CV 00-39 (HCN Tr. Ct., Aug. 24, 2001) at 14-16). Due to the plaintiffs failure to name individual defendants, the Court dismissed the suit without prejudice. Consequently, the plaintiff brought a second suit against the Ho-Chunk Nation Election Board and individually named legislators “in their official capacities.” Stewart Miller v. Ho-Chunk Nation Election Bd. et al., CV 99-37 (Complaint, June 11, 1999) at 1. This suit proceeded unimpeded to final resolution. Id. (HCN Tr. Ct., June 29, 1999).
Second, the newly alleged facts within the amended pleadings merely rephrase earlier factual contentions. For example, Facts 13 and 14 allege the absence of notice and a hearing, yet Fact 11 already levied an allegation of a violation of due process.[3] Second Amended. Complaint at 3. Finally, the plaintiff did not truly expand his Request for Relief in that he had previously requested “all additional relief that the Court determines to be appropriate.” Id. at 4.
HOWEVER, BASED UPON THE FOREGOING, the Court grants the defendants November 1, 2001 Motion to Strike.

. The HCN R. Civ. P. permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party a unit of government, enterprise or an official or employee of the Ho-Chunk Nation. HCN R. Civ. P. 27(B).

. The Court dissuades the defendants from basing any further arguments upon the Federal Rules of Civil Procedure since such rules would possess only persuasive authority in limited circumstances.

. The Court offers no opinion regarding the applicability of its past interpretations of the Due Process Clause to the facts of the case at bar.